C. E. HUNTER, SEYMORE FAW, J. A. PIERCE AND OTHERS, DESIRING TO BECOME PARTIES PLAINTIFF, v. LEE ALLMAN, OR LEE ALLMAN CONSTRUCTION COMPANY, INC., W. A. WILLIAMS, HAMP BURGESS AND JOS. W. CALLAWAY.

(Filed 3 November, 1926.)

Roads and Highways—Public Works—Materialmen—Laborers—Principal and Surety—Actions—Indictment—Criminal Law.

A civil action for damages will not lie against special road supervisors of a county, either as an obligation of the county or against the supervisors individually, for failing to take the bond required for material furnishers or laborers under C. S., 2445, as amended by ch. 100, Public Laws of 1923, the remedy prescribed being by indictment of the latter in their individual capacity.

APPEAL by defendants, W. A. Williams, Hamp Burgess and Jos. W. Callaway, from *Lyon, J.,* ASHE Superior Court. Reversed.

*No counsel for plaintiff.*
*T. C. Bowie for defendants.*

PER CURIAM. The complaint alleges that the defendants, W. A. Williams, Hamp Burgess, and Joseph W. Callaway, were special road commissioners of Ashe County. That they contracted with Lee Allman or Allman Construction Company, Inc., to build a highway in Ashe County from, at or near Othello postoffice to, at or near Obids postoffice, for contract price of $24,000. That they (Williams, Burgess, and Callaway) failed, neglected and refused to require from said Lee Allman, or Allman Construction Company, Inc., a bond in the amount specified in chapter 49, C. S., 2445, as codified from chapter 150, sec. 2, Public Laws of North Carolina, Session 1913; ch. 191, sec. 1, Public Laws of 1915, and also chapter 100, Public Laws of 1923; and failed, neglected and refused to provide any security whatever for the labor and material on said road, and failed, neglected and· refused to comply with the laws of North Carolina, with respect to the letting of contracts for public improvements. That the amount of bond re-

quired by said statute of defendants Lee Allman or Allman Construction Company, Inc., was $7,500, sufficient, as plaintiffs are advised, informed and believe, to cover the work and labor and material on said road.

That plaintiffs performed work and labor on the road, and the specified amounts due for same are set forth in the complaint.

The defendants, W. A. Williams, Hamp Burgess, and Joseph W. Callaway, demurred to the complaint, which was overruled by the court below.

C. S., 2445, in part, is as follows: "If the official of the said county, city, town or other municipal corporation, whose duty it is to take said bond, fails to require the said bond herein provided to be given, he is guilty of a misdemeanor."

The statute provides the remedy by indictment. The very matter was decided contrary to the contentions of plaintiffs in *Noland Co. v. Trustees,* 190 N. C., p. 250. On authority of that case, the judgment overruling the demurrer cannot be sustained. As to the liability of the road commissioners, in their individual capacity, see, also, *Latham v. Highway Commission,* 191 N. C., p. 141; *Lowman v. Comrs., ibid.,* 152.

Reversed.